UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WESLEY JOHNSON,

    Plaintiff,

v.            05-3158

SGT GREGERSON et al.,

    Defendants.

### Order Dismissing Case on Merit Review

    The plaintiff, currently incarcerated in Western Correctional Center, filed this action pursuant to 42 U.S.C. Section 1983. The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to dismiss any legally insufficient claims, or the entire action if warranted. A merit review hearing was held on September 27, 2005.

    The merit review standard is the same as a motion to dismiss standard. *Pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). The allegations are taken as true, and a claim can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

    The body of the plaintiff's complaint is mostly a general recitation of Section 1983 law. However, from the attachments and from the plaintiff's statements at the merit review, it appears that the plaintiff is primarily challenging discipline he received at Western for refusing housing. (6/1/05 Adjustment Committee Report, attached to Complaint). The plaintiff claims he refused housing because of fears for his safety. It is evident that the prison officials believed the plaintiff was trying to manipulate the system to get a transfer–it was his fourth housing refusal they said, counting other housing refusals at his prior prison, Illinois River Correctional Center.[1] (6/1/05 Adjustment Committee Report; Response to 5/24/05 grievance, both attached to Complaint).

    The plaintiff lost good time as a result of the disciplinary report he received at Western. Prisoners "challeng[ing] the fact or duration of their confinement and seek[ing] immediate or speedier release" (such as the restoration of good time credits) must pursue their challenge under the federal habeas statute, not § 1983. *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000), *citing Preiser*, 411 U.S. at 489-90. Even if an inmate does not ask for his good time credits back, a § 1983 suit for damages cannot be pursued if it implies the invalidity of the loss of good time credits. *DeWalt v. Carter*, 224 F.3d 607, 615 (7th Cir. 1999), *citing Edwards v. Balisok,* 520 U.S. at 648.

    The plaintiff says that he had to refuse housing because he legitimately feared for his safety. If that is true, his discipline for refusing housing is arguably invalid, along with the revocation of his good time. Accordingly, the plaintiff's challenge to this disciplinary report must be made through a habeas corpus action, if he can make the challenge at all.

    The plaintiff also seems to challenge an incident regarding alleged unprofessional conduct by defendant Gregerson, who on one date read some legal mail from the plaintiff's attorney and harassed the plaintiff about gang affiliations. (5/24/05 grievance attached to Complaint). The court sees nothing in the grievance that is serious enough to make out a constitutional claim against Gregerson. The plaintiff may be also complaining about alleged lack of medical care he received when a shelf fell on his leg, but his grievance about it does not give rise to a

---

[1] The plaintiff filed a separate case against Illinois River Correctional Center, which is not the subject of this order.

reasonable inference that anyone was deliberately indifferent to his serious medical needs. (5/27/05 grievance, attached to complaint).

IT IS THEREFORE ORDERED:

1) The plaintiff's complaint is dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994) and progeny, and for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   All pending motions are denied as moot.  This case is closed.

2) Even though the plaintiff's case is being dismissed, he is still responsible for paying the filing fee. The agency having custody of the plaintiff is directed to make monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account.  The payments are directed to be forwarded from the plaintiff's trust fund account to the Clerk of Court each time the plaintiff's account exceeds $10.00 until the statutory filing fee of $250.00 is paid in its entirety.

3) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(c).  If the plaintiff does choose to appeal, he will be liable for the $255.00 appellate filing fee, whether he wins or loses his appeal.  Furthermore, if the appeal is found to be without merit, the plaintiff may accumulate a "strike" under 28 U.S.C. 1915(g).  After three "strikes," the plaintiff will not be able to proceed *in forma pauperis* on his claims or appeals in federal court filed during his incarceration.

Entered this 11th Day of October, 2005.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE